■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK ROGERS, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered July 26, 1989, convicting defendant after jury trial of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 23 years to life, unanimously affirmed.

Defendant repeatedly stabbed the deceased in a crack house,

and when the deceased followed defendant outside, defendant repeatedly stabbed him again. The medical examiner's testimony established that the wound to the heart which occurred last was the imminent cause of death; however, all of the wounds could have caused death.

Defendant's theory on appeal is that even if he possessed the requisite intent to kill while inside the apartment, he had abandoned the intent to kill by the time he and the deceased were outside, at which point defendant only acted in self-defense. Consequently, he argues that the charge for murder in the second degree, with respect to intent to kill, erroneously permitted conviction even if defendant had not intended to kill the deceased when he inflicted the fatal wound.

Defendant's argument is unpreserved, and we decline to review it. Were we to consider the claim in the interest of justice, we would nevertheless affirm. The court instructed the jury that defendant must have had the requisite intent *at the time he stabbed the decedent, either* during the first or the second encounter. Moreover, it was for the jury to determine which blow, or blows, caused the death, when they were struck, and whether or not defendant was acting in self-defense.

We have considered the remaining arguments, and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.